**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Quincy O. GUILLORY, Defendant–
Appellant.**

No. 03–30862.
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Decided Aug. 31, 2004.

Joseph Thomas Mickel, Camille Ann Do-
mingue, Assistant U.S. Attorneys, Lafay-
ette, LA, for Plaintiff–Appellee.

Valerie Gotch Garrett, Amos, Garrett &
Hollinger, Lafayette, LA, for Defendant–
Appellant.

Before EMILIO M. GARZA, DEMOSS,
and CLEMENT, Circuit Judges.

PER CURIAM: *

Quincy O. Guillory (Guillory) appeals his
convictions for one count of carjacking;
two counts of using, carrying, possessing,
and brandishing a firearm during and in
relation to a crime of violence; two counts
of possession of a firearm by a convicted
felon; and one count of bank robbery;
violations of 18 U.S.C. §§ 2119, 2213(a) &
(d), 922(g)(1), and 924(c)(1)(A)(ii). Guillory
contends that there was insufficient evi-
dence presented at trial to link him to the
offenses. He also asserts that the district
court erred in not ruling on his motion to
suppress identification.

The district court's denial of a motion
for judgment of acquittal is reviewed *de
novo. See United States v. Castaneda–
Cantu,* 20 F.3d 1325, 1330 (5th Cir.1994).
This court must affirm a jury verdict if,
"viewing all the evidence and drawing all
reasonable inferences in favor of the ver-
dict, a reasonable trier of fact could find
that the evidence establishes the guilt of
the defendant beyond a reasonable doubt."
*See United States v. Rasco,* 123 F.3d 222,
228 (5th Cir.1997) (citations omitted).

The district court's decision whether to
grant a new trial based on insufficiency of
the evidence is reviewed for abuse of dis-
cretion. *See United States v. Cooks,* 52
F.3d 101, 103 (5th Cir.1995). "A new trial

---

* Pursuant to 5TH CIR. R. 47.5, the court has
determined that this opinion should not be
published and is not precedent except under
the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

is granted only upon demonstration of adverse effects on substantial rights of a defendant." *See Rasco,* 123 F.3d at 228 (citation and internal quotation marks omitted).

Considering all the evidence in the light most favorable to the verdict, there was sufficient evidence presented at trial to prove that Guillory was guilty of the offenses charged. Guillory's assertion that the district court did not rule on his motion to suppress identification is not supported by the record. The record reflects that the district court adopted the magistrate judge's recommendation and denied the motion. Guillory does not challenge the denial of his motion to suppress identification on appeal, thus it is deemed abandoned. *See Yohey v. Collins,* 985 F.2d 222, 224–225 (5th Cir.1993).

AFFIRMED.